# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ANGELA FAVORS-MORRELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CV 214-164

### ORDER

Presently before the Court are Plaintiff Angela Favors-Morrell's Motion to Change Venue (Dkt. no. 6) and Defendant United States of America's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. no. 10). Because this Court lacks jurisdiction to consider whether the Department of Justice improperly declined to initiate a grand jury investigation at Plaintiff's bidding, the Court must **GRANT** Defendant's Motion to Dismiss, and **DENY AS MOOT** Plaintiff's Motion to Change Venue (Dkt. no. 6).

### FACTUAL BACKGROUND

**I. Allegations in Plaintiff's Complaint**

Plaintiff alleges that at her former job with the Federal Law Enforcement Training Center ("FLETC"), the management

"violated criminal statutes provided in 5 U.S.C. § 8103, 18 U.S.C. § 1920, 18 U.S.C. § 1922, . . . 20 C.F.R. [§] 10.15, [and] 20 C.F.R. [§] 10.204(b)."[1] Compl. at 3-4. Plaintiff alleges that she informed the Department of Justice about these violations, but that First Assistant United States Attorney James Durham denied her request for a grand jury investigation. Id. at 4. Attached to Plaintiff's Complaint is a letter from Mr. Durham denying Plaintiff's request for a grand jury investigation and stating: "If you believe there have been violations of federal criminal laws, I suggest that you contact a federal investigative agency, such as the FBI." Id. at 11. Plaintiff then filed the instant suit, seeking $442,272 in compensation.

## II. Additional Background

For purposes of its motion to dismiss, Defendant has offered the following additional information.

Assistant United States Attorney T. Shane Mayes says that Plaintiff approached him outside of the Brunswick Courthouse

---

[1] See, e.g., 5 U.S.C. § 8103 (non-criminal statute providing that federal employees may receive medical services and initial medical and other benefits in certain circumstances); 18 U.S.C. § 1920 (criminalizing false statements or fraud committed to obtain federal employees' compensation); 18 U.S.C. § 1922 (prohibiting an officer or employee of the United States from making a false report, or withholding a report, concerning federal employees' compensation); 20 C.F.R. § 10.15 (non-criminal statute providing that an employer may not compel an employee to waive benefits under the Federal Employees' Compensation Act); 20 C.F.R. § 10.204(b) (providing that, where an employee is continuing to receive pay after stopping work due to a disabling event, those payments shall terminate if the employee refuses to submit to a medical examination).

AO 72A
(Rev. 8/82)

sometime before November, 2013. Dkt. no. 10-1 (Mays Aff.) ¶ 3. Plaintiff told AUSA Mayes that she had filed claims against the United States and that she intended to follow up with the U.S. Attorney's Office regarding those claims. Id. On or about November 12, 2013, Plaintiff met with AUSA Mayes at the U.S. Attorney's Office in Savannah, Georgia, and requested that the United States Attorney initiate criminal proceedings related to the alleged improper handling of her prior claims against the government. Id. ¶ 4. Particularly, Plaintiff alleged that FLETC had mishandled her prior claims, and that United States District Court Judge Anthony Alaimo was biased against her when he previously presided over her prior civil actions concerning related events. Id. Later, AUSA Mayes told Plaintiff that no action by the U.S. Attorney's Office was warranted based on the information Plaintiff had provided. Id. ¶ 7. AUSA Mayes says this decision was an exercise of his own discretion as an AUSA and was made in consultation with other members of the U.S. Attorney's Office. Id. ¶ 9. First Assistant U.S. Attorney Durham agreed to send Plaintiff written confirmation of this decision. Id. ¶ 8.

**PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint on October 31, 2014. Dkt. no. 1. She was later granted a motion to proceed in forma pauperis. Dkt. no. 5. On November 13, 2014, Plaintiff filed her

Motion to Change Venue. Dkt. no. 6. Defendant filed its Motion to Dismiss for lack of jurisdiction on December 22, 2014. Dkt. no. 10.

Because Plaintiff is a *pro se* litigant who may not be aware of the consequences of failing to respond to a motion to dismiss, the Magistrate Judge directed Plaintiff to file any objections to Defendant's motion or otherwise inform the court of her decision not to object. Dkt. no. 12. Plaintiff filed a response on December 24, 2014, which does not directly respond to Defendant's legal arguments but rather implores the Court to construe her complaint liberally, as she is proceeding *pro se*. Dkt. no. 13. Defendant replied, noting the response's deficiencies. Dkt. no. 15. Plaintiff has since filed several additional briefs of a similar nature to her initial response. See Dkt. no. 16 (purporting to bring a 42 U.S.C. § 1986 claim against the Defendant, and noting that Defendant had prosecuted other (unrelated) fraud cases involving false claims violations, workers compensation, and social security, as reported in the media); Dkt. no. 19 (stating the legal standard for Rule 12(b)(6) motions to dismiss and informing Defendant that she will be bringing a separate civil action); Dkt. no. 22 (alleging that "Defendant has violated 5 C.F.R. Part 2635(E) [guiding executive branch employees in maintaining impartiality when performing official duties] by adjudicating this claim"); Dkt.

4

no. 26 (generally informing Defendant of the possibility of disbarment). Defendant's replies have reiterated the arguments in its Motion to Dismiss and first reply, and purport to show a pattern of "harassing" communications and "threats" from Plaintiff. See Dkt. nos. 21, 25.

**ANALYSIS**

Defendant's Motion to Dismiss is based on the theory that the Court does not have subject matter jurisdiction to hear Plaintiff's claims.

I.  **Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the court's subject matter jurisdiction based on the face of the pleadings or the substantive facts of the case. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When addressing a facial challenge, allegations in the plaintiff's complaint are taken as true, and the court determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

When addressing a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." See Lawrence, 919 F.2d at 1528-29 (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.

AO 72A
(Rev. 8/82)

1981)); see also Scarfo, 175 F.3d at 960 ("[M]atters outside the pleadings, such as testimony and affidavits, are considered."). Therefore, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach to a factual challenge to the court's subject matter jurisdiction. See Scarfo, 175 F.3d at 960. The Plaintiff has the burden of establishing jurisdiction when faced with a factual challenge. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002).

**II. The Court Does Not Have Jurisdiction to Hear this Matter**

Respect for prosecutorial discretion is a well-established feature of our nation's judicial process. See United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Confiscation Cases, 74 U.S. (7 Wall.) 454, 457 (1868) ("Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney . . ."). Today, absolute prosecutorial immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

AO 72A
(Rev. 8/82)

Defendant relies on its prosecutorial immunity not as a defense to a direct challenge, but rather as the basis for establishing that the United States, which is traditionally immune from suit, has not waived this immunity for the type of claim Plaintiff brings here: a tort claim arising from an AUSA's decision to not initiate a grand jury investigation at Plaintiff's request. If the United States has not waived its sovereign immunity as to claims of this nature, then this Court does not have jurisdiction to hear the case.

"The United States, as sovereign, is immune from suit save where it consents to be sued . . . ." United States v. Sherwood, 312 U.S. 584, 586 (1941). Sovereign immunity is not merely a defense on the merits—it eliminates a court's jurisdiction to hear the case in the first instance. As such, if the sovereign has waived its immunity, the terms of that waiver define the court's subject matter jurisdiction. See JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263-64 (11th Cir. 2000). A waiver of sovereign immunity "must be strictly construed in favor of the United States." Id. (quoting McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993)).

The United States has waived its sovereign immunity in certain circumstances, which are enumerated in the Federal Tort Claims Act. See 28 U.S.C. §§ 1346(b), 2671 et seq. However, where an exception to that waiver applies, the United States

7

retains its sovereign immunity. See, e.g., U.S. Aviation Underwriters, Inc. v. United States, 562 F.3d 1297, 1299 (11th Cir. 2009) ("When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists.").

The FTCA specifically does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Courts perform a two-part test to determine whether challenged conduct falls within the discretionary function exception. First, the discretionary function exception will not apply "if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." United States v. Gaubert, 499 U.S. 315, 322 (1991). Second, if the court determines that no federal statute, regulation, or policy specifically prescribes a course of action, the court must then consider whether the challenged conduct "is of the kind that the discretionary function exception was designed to shield." Id. at 322-23.

Here, there is no federal statute, regulation, or policy specifically requiring a federal prosecutor to initiate a grand jury investigation, or take any other step towards prosecution,

8

at a private party's insistence. As the Defendant has shown, a federal prosecutor's decision to pursue, or not pursue, a case involves a case-by-case balancing of various policy concerns. The decision in a particular case is not mandated by statute, but is rather determined by the prosecutor's sound discretion. In fact, AUSA Mayers stated that his decision to deny Plaintiff's request was based on the exercise of his "discretion as an Assistant United States Attorney and made in consultation with other members of the United States Attorney's office." Mayes Aff. ¶ 9.

Additionally, the discretionary function exception in the FTCA was designed to shield precisely this type of prosecutorial discretion. As other courts have observed, the Government's approach to enforcing criminal statutes implicates national policy. "If the government could [be] held liable for prosecuting or failing to prosecute such a case, its choices in this area could quite conceivably be affected by such a suit. Thus, a policy decision of the federal government might be influenced by a plaintiff with no governmental responsibility." Smith v. United States, 375 F.2d 243, 247 (5th Cir. 1967). "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the

9

discretionary function exception." Gray v. Bell, 712 F.2d 490, 513 (D.C. Cir. 1983).

Thus, it is clear that Defendant's decision not to pursue a grand jury indictment at Plaintiff's request does not give rise to a cause of action under the FTCA, as the discretionary function exemption exempts prosecutorial decisions from the United States' waiver of its sovereign immunity. The FTCA, then, does not apply here, and Defendant's sovereign immunity strips this Court of jurisdiction to hear Plaintiff's case. The case is **DISMISSED**.

### III. Plaintiff's Request for the Court to Interpret Her *Pro Se* Complaint Liberally

As the Court outlined in the "Procedural Background" section above, Plaintiff never directly responded to Defendant's legal arguments, but rather implored the court to hold her *pro se* pleadings to a less stringent standard. See Dkt. no. 13. In support of this request, Plaintiff notes that the "Federal Rules of Civil Procedure are meant as a vehicle 'to facilitate a propr decision on the merits,' not as a 'game of skill in which one misstep . . . may be decisive.'" Id. at 1 (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).

The Court would like to make clear that Plaintiff's claim does not fail because of some procedural misstep. As the preceding discussion has shown, Plaintiff's claim fails because

AO 72A
(Rev. 8/82)

this Court does not have jurisdiction to consider it. This case, then, was doomed from its inception. Plaintiff's Complaint alleges a claim which the Court does not have jurisdiction to consider, and no amount of liberal interpretation can convert that claim into something which the Court has any power to adjudicate.

## CONCLUSION

The United States has not waived its sovereign immunity from claims like Plaintiff's. As such, this Court does not have subject matter jurisdiction over the claim, and must **GRANT** Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. no. 10). Plaintiff's Motion to Change Venue (Dkt. no. 6) is **DENIED AS MOOT**.

**SO ORDERED**, this 15TH day of June, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA